IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02563-BNB

KEITH McGEE,

Applicant,

v.

WARDEN B. DAVIS,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Keith McGee is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. McGee has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on December 2, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On December 10, 2008, Respondent filed a Preliminary Response. Mr. McGee has failed to file a Reply to the Response within the time allowed.

The Court must construe liberally the Application filed by Mr. McGee because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Application is held to standards less stringent than those governing a formal pleading drafted by attorneys.

*See id.* The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. McGee challenges the calculation of his federal sentence. He contends that the BOP has failed to apply jail-time credit to his sentence for the time between October 13, 1999, and March 10, 2000, when he was incarcerated at the MCC Federal Detention Center in Chicago, Illinois. Respondent argues that this action should be dismissed because Mr. McGee has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. McGee. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional

2

director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

On Page Two of the Application, Mr. McGee states that he has exhausted his remedies. Applicant, however, does not attach any documentation to the Application in support of his claim that he has exhausted his administrative remedies regarding the alleged miscalculation of his jail-time credit. According to the BOP records submitted by Respondent in support of his Preliminary Response, Mr. McGee has not filed any administrative remedy requests regarding the claims he raises in the instant action. (Preliminary Resp. at Exs.) Mr. McGee does not counter Respondent's assertion. Therefore, the Court finds that because Applicant has failed to exhaust his administrative remedies the instant action should be dismissed. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 20 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02563-BNB

Keith McGee
Reg No. 04720-424
Englewood FCI
9595 W. Quincy Ave
Littleton, CO 80123

Mark S. Pestal
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk